## In re KUNKLE.

### No. 9286.

District Court, E. D. Michigan, S. D.
Jan. 25, 1930.

Fixel & Fixel, of Detroit, Mich., for bankrupt.

McIntyre & Robinson, of Detroit, Mich., for Charlotte Lemmon.

SIMONS, District Judge.

This cause is now before the court upon motion of Charlotte Lemmon, a judgment creditor of the bankrupt, to set aside a restraining order staying proceedings on a decree entered in behalf of Charlotte Lemmon by the Wayne circuit court in chancery.

The petitioner sued the bankrupt and others in the state court for the return of property obtained by false and fraudulent representations. During the progress of the suit, it appearing to the Circuit Judge that it was impossible for the defendant therein to reconvey the property, a money decree was entered in behalf of the plaintiff and as against the defendant, including the bankrupt. It also appears that the bankrupt did not receive any conveyance of the property alleged to have been fraudulently obtained, but was acting as agent for the other defendants in the state case. Not being in a fiduciary relationship to the petitioner herein, the only question involved in this proceeding now before the court is whether the decree against Kunkle is, in the language of section 17-a of the Bankruptcy Act (11 USCA § 35), a liability for obtaining property by false pretenses or false representation.

The bankrupt contends that section 17-a applies only to a case where the bankrupt

himself obtained property for himself by such false pretenses or false representation, and that the intent and purpose of the act was not to permit him to retain such property as against the person defrauded, and at the same time secure through bankruptcy a discharge of the debt or liability arising out of the fraud. This seems to me to be begging the question. To adopt the interpretation suggested by the bankrupt would be to rewrite the section so as to read: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * are liabilities for obtaining property [for himself] by false pretenses or false representation."

If that had been the intention of the Congress, the act could have been so worded. There is no exception contained in or suggested by the act as to liabilities for obtaining property by false pretenses or false representation. It applies plainly to all such obtaining of property by the bankrupt, whether for himself or for anybody else. The rule of statutory construction is that, where the language of the statute is plain, it is not susceptible to interpretation, and the letter of the law will prevail.

The stay of proceedings herein entered will be set aside, and an order may be entered in conformity with this memorandum.